UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| LARRY SHIPMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUPERCUTS, INC., a Delaware corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Larry Shipman ("Plaintiff" or "Shipman") brings this Class Action Complaint and Demand for Jury Trial against Defendant Supercuts, Inc. ("Defendant" or "Supercuts") to stop the Defendant from violating the Telephone Consumer Protection Act by sending telemarketing text messages to consumers without consent, including those who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Shipman, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.      Plaintiff Larry Shipman is a resident of Katy, Texas.

2.      Defendant Supercuts is a Delaware registered corporation headquartered in Minneapolis, Minnesota.  Defendant Supercuts conducts business throughout this District and throughout the United States.

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant resides in this District and the wrongful conduct giving rise to this case emanated from this District.

## INTRODUCTION

5.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7.      A listing on the DNC "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12.     According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

13.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16.     Supercuts has over 2,700 salons across the U.S. that provide haircut services to consumers that are either corporate-owned or owned by a franchisee.[3]

17.     As part of its business practice, Supercuts places solicitation text messages to consumers in order to solicit them to purchase haircutting services from Supercuts locations across the country.

18.     Unfortunately, these text messages are being sent to consumers without their express written consent, who do not have an existing business relationship with Defendant, and to consumers who registered their phone number on the DNC.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.supercuts.com/about-supercuts.html

19.     For example, in Plaintiff Shipman's case, Defendant sent multiple unsolicited text messages to his number registered on the national do not call registry.

20.     Consumers have posted complaints online about unsolicited text messages they received from Supercuts including:

- "Spam text from Supercuts"[4]

- "Received a text asking to reply Y to sign up for rewards at Supercuts….Delete"[5]

21.     In response to these text messages, Plaintiff Shipman files this lawsuit seeking monetary and injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF SHIPMAN'S ALLEGATIONS

22.     Plaintiff Shipman registered his phone number on the DNC on August 27, 2011.

23.     Plaintiff Shipman's phone number is not associated with a business and is used for personal use only.

24.     At the beginning of November 2020, Plaintiff Shipman received an unsolicited text message from Supercuts using shortcode 71441 stating, "Supercuts Supercuts Pick 2! Get your coupon at: https://mcpn.us/x?i=904894&c=13f27 OR to redeem by text reply: 81703."

25.     On November 27, 2020 at 9:04 AM, Plaintiff Shipman received a second unsolicited text message from Supercuts that came through to his cell phone as 2 text messages, again from shortcode 71441:

---

[4] https://800notes.com/Phone.aspx/1-877-578-2799
[5] https://800notes.com/Phone.aspx/1-833-719-7827



26.     On November 28, 2020 at 1:37 PM, Plaintiff Shipman received a third unsolicited

text message from Supercuts, again from shortcode 71441:





27.     On December 14, 2020 at 9:03 AM, Plaintiff Shipman received a fourth

unsolicited text message from Supercuts, again from shortcode 71441:





28.     None of the text messages that Plaintiff received provide instructions on how to

opt-out of receiving additional text messages.

29.     When the links in any of the first 3 text messages that Plaintiff received are

visited, they showed 2 coupons that Plaintiff could redeem until the end of November 2020.

30.     The coupons showed that they were valid at participating locations without

specifying which locations they could be redeemed at:

6



*Figure 1: Picture of landing page where link in the text message leads to*

6

31.     The December 14th text message shows that the coupon can be redeemed until the end of December 2020 and is valid at participating locations without indicating any specific location.

32.     Plaintiff has never provided Defendant with consent to send him unsolicited text messages or calls to his cell phone.

33.     The unauthorized solicitation text messages that Plaintiff received from Supercuts, as alleged herein, have harmed Plaintiff Shipman in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

34.     Seeking redress for these injuries, Plaintiff Shipman, on behalf of himself and Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing text messages to cellular telephones that are registered on the DNC.

---

6 https://login.synergyprintmedia.com/x?i=1904894&c=13f27

## CLASS ALLEGATIONS

35.     Plaintiff Shipman brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of the Defendant) texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff, and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claim they supposedly obtained prior express written consent to text Plaintiff, or (b) they did not obtain prior express written consent.

36.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Shipman anticipates the need to amend the Class definitions following appropriate discovery.

37.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

38.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant Supercuts systematically sent multiple text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the text messages;

8

(b)      whether Defendant Supercuts' text messages to Plaintiff and other consumers

were sent for telemarketing purposes;

(c)      whether Defendant's conduct constitutes a violation of the TCPA;

(d)      whether members of the Class are entitled to treble damages based on the

willfulness of Defendant's conduct.

39.      **Adequate Representation**: Plaintiff Shipman will fairly and adequately represent

and protect the interests of the Class, and has retained counsel competent and experienced in

class actions. Plaintiff Shipman has no interests antagonistic to those of the Class, and Defendant

has no defenses unique to Plaintiff. Plaintiff Shipman and his counsel are committed to

vigorously prosecuting this action on behalf of the members of the Class, and have the financial

resources to do so. Neither Plaintiff Shipman nor his counsel have any interest adverse to the

Class.

40.      **Appropriateness**: This class action is also appropriate for certification because

Defendant has acted or refused to act on grounds generally applicable to the Class and as a

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

of conduct toward the members of the Class and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Class

uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Class as wholes, not on facts or law applicable only to Plaintiff Shipman.

Additionally, the damages suffered by individual members of the Class will likely be small

relative to the burden and expense of individual prosecution of the complex litigation

necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of

the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class

action provides the benefits of single adjudication, economies of scale, and comprehensive

supervision by a single court.

## FIRST CLAIM FOR RELIEF

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

41.     Plaintiff Shipman repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference.

42.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

44.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

46.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shipman individually and on behalf of the Class, prays for the following relief:

48.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Shipman as the representative of the Class; and appointing his attorneys as Class Counsel;

49.     An award of actual and/or statutory damages and costs;

50.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

51.     An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

52.     Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Shipman requests a jury trial.


DATED this 10th day of January, 2021.     **LARRY SHIPMAN**, individually and on behalf of all others similarly situated,

By: /s/ Ryan Peterson
Ryan Peterson
Peterson Legal, PLLC
5201 Eden Avenue, Suite 300
Edina, Minnesota 55436
ryan@peterson.legal
Telephone: (612) 367-6568
Facsimile: (612) 295-0415

Pat Peluso*
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 213-0675

*Attorneys for Plaintiff and the putative Class*

*Pro Hac Vice motion forthcoming*

*Pro Hac Vice motion forthcoming*